UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| PATRICIA DAVIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:14-CV-027-BL |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Commissioner's consent Motion to Remand, (Doc. 18), the above-styled case. The Commissioner moves the Court to remand the case under sentence four of 42 U.S.C. § 405(g). Plaintiff filed her complaint on May 5, 2014; Defendant filed its answer on October 10, 2014. (Doc. 1, 13). The case was referred to the United States Magistrate Judge on June 6, 2014. (Doc. 7). The parties have not consented to proceed before the United States Magistrate Judge.

Sentence four of § 405(g) allows the court to enter a judgment modifying, affirming, or reversing the Commissioner's decision, with or without remanding the case for rehearing. 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

In the instant case, Defendant requests remand due to a deficient evaluation of the claimant's ability to return to her past relevant work, of the claimant's credibility, and an improper application of the Medical-Vocational guidelines. (Doc. 18). The Commissioner, therefore, requests a remand to allow the administrative law judge to reevaluate Plaintiff's disability application. (Doc. 15).

The Court finds that the Commissioner has met the necessary requirements for a sentence four remand under 42 U.S.C. § 405(g).

It is therefore **RECOMMENDED** that Defendant's Motion for Remand be **GRANTED**, and the administrative decision be **REMANDED** for further action by the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**
Dated this 14th day of May, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**